64  615
80  274

E. L. & R. R. R'y Co. v. J. D. Hall.

(Case No. 1890.)

1. PRACTICE — TRANSFER — USE — EVIDENCE.— A plaintiff stated in his petition that he was the owner of certain goods injured by fire while in the possession of a railroad company for shipment; that he had transferred to an insurance company one-half of his right of action against the road, and that his suit was for one-half the damages sustained, for the use of the insurance company. *Held:*

(1) The allegation in the petition that the suit was for the use of the insurance company was proper to protect the interest of that company, though it did not make it a plaintiff, and it was not necessary to show by averment or proof how the insurance company acquired its interest; the owner of the property could recover without offering proof of the transfer to the insurance company.

(2) If plaintiff had not averred that he was suing for the use of the insurance company, defendant might have defeated his suit by showing the transfer of the cause of action.

(3) If defendant relied upon anything in the transfer, as that the cause of action had been devoted to an illegal purpose to defeat the action, it should have set it up in its answer.

(4) The legal right of action remained in the owner of the goods, the petition disclosed a good cause of action, and the mere allegation by the plaintiff that the cause of action had been transferred did not compel him to negative the illegality of such transfer.

(5) The transfer, when offered in evidence, could not be excluded on the ground that it contained other matter than the bare transfer itself.

2. EVIDENCE.— An agent of a railroad company, on the day after a fire, drew up a statement in the form of a certificate, giving the amount of plaintiff's goods destroyed while in the possession of the company, etc. The railroad company introduced the deposition of the agent as to the same facts. *Held,* that the statement was admissible evidence to contradict the deposition in case it disagreed with the statement, and the attention of the witness was called to that fact.

3. REVISED STATUTES, ARTICLE 283 — COMMON CARRIERS.— The statute provides that the transportation of goods by a common carrier shall be considered as

commenced from the time the bill of lading is signed, and the common law liability of such carriers shall attach from that time. Such a provision does not prevent a carrier from being liable before the bill of lading is signed; the liability commences from the time the goods are delivered.

4. COMMON CARRIERS — ACCEPTANCE.— The liability of a railway company for goods destroyed while in its possession depends on whether or not it has accepted them, and not on whether all has been done that ought to precede acceptance. If a carrier takes control of goods and puts its agents to preparing them for shipment, it has accepted them.

5. OWNER — CONSIGNEE.— When a consignor delivers goods to a carrier to be delivered to a consignee, *prima facie* the consignee is the owner; but when the consignor merely contracts with the carrier for the conveyance of the goods to a certain point, and the consignor is shown to be the owner before shipment, there is nothing to show a change of ownership.

APPEAL from Camp. Tried below before the Hon. W. P. McLean. The opinion states the case.

*Whitaker & Bonner*, for appellant, on the validity of the transfer, cited: R. S., art. 2956; Bank v. Baldwin, 23 Minn., 198; Bank v. Pierson, 24 Minn., 140.

On the admission of the certificate, they cited: 1 Greenl. Ev., secs. 113, 114, 114*a;* Story on Agency, secs. 134, 135 *et seq.;* McDermott v. Railroad Co., 2 Am. & Eng. R. R. Cases, 35; Adams v. Railroad Co., 7 id., 414, and note; Branch v. Railroad Co., 18 id., 621.

As to when liability attached, they cited: R. S., art. 283; Missouri Pac. R'y Co. v. Douglas, Ct. Appeals Civil Cases, vol. 2, parts 1 and 2, sec. 28; Texas & Pacific R'y Co. v. Nicholson, 61 Tex., 491.

On ownership, they cited: Hutchinson on Carriers, secs. 720 *et seq.*, 733 *et seq.;* Railroad Co. v. Holderman, 1 Am. & Eng. R. R. Cases, 292.

*Todd & Hudgins* and *M. L. Morris*, for appellee, on the validity of the transfer, cited: R. S., art. 2956; Rule 18 (for District Courts); Boynton v. Tidwell, 19 Tex., 118.

On the admission of the transfer, they cited: Oliver v. Chapman, 15 Tex., 400; Chapman v. Sneed, 17 Tex., 428; Wallace v. Hunt, 22 Tex., 647; Black v. Drury, 24 Tex., 289; Powers v. Caldwell, 25 Tex., 352.

On the liability of the road, they cited: R. S., title XIII, ch. 1; T. & P. R'y Co. v. Nicholson, 61 Tex., 491; Mo. Pac. R'y Co. v. Nicholson, 4 Tex. L. Rev., 166; T. & P. R'y Co. v. Wheat, 4 Tex. L. Rev., 150; Lawson, Cont. of Carriers, § 114; Hutchinson on Carriers, § 118.

Robertson, Associate Justice.— This was an action by Joel D. Hall, for the use of the Merchants' Insurance Company, against the East Line & Red River Railway Company for one-half the value of certain bales of cotton destroyed by fire and one-half the amount of damage done by fire to certain other bales. It was averred in the petition that Hall was the owner of the cotton destroyed and damaged and that he had transferred to the Merchants' Insurance Company one-half his right of action against the defendant. The defendant excepted on the ground that the transfer made by Hall to the insurance company was not shown in the petition to be a transaction in which the insurance company, under article 2956 of the Revised Statutes, could lawfully engage. The exception was overruled, and this action of the court is assigned as error. The allegation in the petition that the suit is for the use of the insurance company does not make it the suit of the insurance company. The averment is proper to protect the interest of the insurance company, but it does not make that company plaintiff. If the plaintiff had offered no proof of the transfer to the insurance company he could still recover. If he had not averred that he was suing for the use of the insurance company, the defendant might have defeated his suit by showing that he had transferred his cause of action. If, suing expressly for the use of his transferee, the defendant relied upon anything in the transfer, as that the cause of action had already been devoted to an illegal purpose, to defeat the plaintiff's action, it must be set up in its answer. The plaintiff was not required to allege how the insurance company had any interest in his cause of action, and if he sets up the transfer he is not called upon to negative its illegality.

On the trial the plaintiff offered in evidence the transfer to the Merchants' Insurance Company of the cause of action sued upon, and its admission was objected to on the ground that the instrument offered not only transferred the cause of action, but also, reciting that the insurance company had indemnified Hall to the extent of one-half for the loss of his cotton, subrogated the insurance company *pro tanto* to his right of action against the defendant. As already stated, it was not necessary to aver the insurance company's interest in the suit, nor how it was acquired; nor to make any proof upon the averments unnecessarily made. The evidence offered, if inadmissible, could have done no harm. The instrument was, however, properly admitted over the objection made to it. It was a transfer, as averred in the petition; that it contained other matters besides the transfer would not prevent its introduction to prove the transfer.

The fire which burned and damaged the plaintiff's cotton occurred on May 18, 1883, at Pittsburg, Texas. The plaintiff had on the defendant's platform one hundred and eighty-seven bales on the day of the fire, thirty of which had been duly tagged, and of these seven had been put upon a car when the fire occurred. On the next day after the fire plaintiff's agent drew up a statement in the form of a certificate, showing that the plaintiff at the time of the fire " had one hundred and eighty-seven bales of cotton marked and ready for shipment, and that thirty bales . . . were duly tagged, and that seven of these were loaded on car at the time of the fire, loading being delayed on account of freight train No. 43," and also showing the number of bales destroyed, etc., and this paper was signed by the defendant's station agent, C. C. Purdy. On the trial the plaintiff offered in evidence this statement or certificate, and it was objected to on the ground that it was hearsay. The court overruled the objection. The defendant afterwards introduced the deposition of Purdy on all the points (except about loading being delayed by freight train No. 43, a statement having no significance in the case) covered by the statement. In some respects the deposition agrees with the statement, and in others they disagree. Where they agree the statement could not injure the defendant. Where they disagree, the statement having been called to the attention of the witness, it is admissible to contradict his deposition. Wharton's Ev., sec. 558.

On the trial, which resulted in a verdict and judgment for the plaintiff for the whole amount sued for, the testimony showed that the defendant had given no bill of lading for the cotton destroyed and damaged, and the defendant requested the court to charge the jury that defendant's liability as a common carrier did not, for that reason, attach. There was a conflict in the evidence as to whether the plaintiff had done all required of him to complete the delivery of the cotton, and there was testimony introduced which tended to show that the bill of lading had not been signed before the fire, because Purdy was drinking and not properly attending to his business. The court refused the special charge, and in the general charge instructed the jury that the defendant was not liable as a common carrier, if the bill of lading was not signed, unless the plaintiff had done all required of him to entitle him to the bill of lading, and the delay in signing the bill was caused by Purdy's negligence. Giving this charge and refusing to give that requested by defendant were both assigned as error.

At common law the liability as carrier commenced whenever the delivery to him for immediate transportation was completed. It is

contended by the appellant that although the delivery is completed the liability does not commence until the actual signing of the bill of lading. This contention is based exclusively upon article 283 of the Revised Statutes, which reads as follows: "Where common carriers receive goods for transportation into their warehouses or depots, they shall forward them in the order in which they are received, the first received to be first forwarded, without giving the preference to one over another, and in case they shall fail to do so, they shall be liable, absolutely, for all losses occurring while the goods remain, and for all damages occasioned or in any wise resulting from the delay: *provided,* that the trip or voyage shall be considered as commenced from the time of signing the bill of lading, and the liability of the common carrier shall attach, as at common law, from and after such signing."

The members of the court have not found it necessary to attempt to reconcile their different views of the meaning and purpose of the *proviso* in this article, as none of their views are consistent with the construction insisted upon by appellant's counsel. Unless a bill of lading is demanded by the shipper none need be issued by the carrier; if he accepts the goods and puts them upon their voyage on a verbal contract, why is he not liable as a common carrier? The statute has undoubtedly made the carrier liable as such after the bill of lading is signed, but it has not provided that such liability shall not attach until such signing. The court below did not err, therefore, in refusing to give the special charge requested by appellant.

The appellant also complains of the charge as given, the substance of which is already stated, as to the circumstances that would institute the liability as common carrier, on two grounds — first, that it does not inform the jury what would constitute a *delivery* and *reception* of the cotton as those words are used in the charge; and second, that the issue as to the negligence or inefficiency of defendant's agent was not made in the pleadings. The court below made the defendant's liability depend, not only on complete delivery of the cotton to it, but also upon the plaintiff's failure to get a bill of lading through the fault of defendant's agent. This was requiring of the plaintiff more than the law authorized. He was entitled to recover, if the cotton was delivered, whether the defendant delayed the issue of the bill of lading or not. But the defendant cannot complain that the plaintiff has been compelled to surmount, in recovering, a difficulty not authorized by the law or presented in the pleadings. The charge requested by appellant, to cure the sup-

posed defects in the main charge in the use of the words *receive* and *deliver*, was properly refused. That charge requested informed the jury that the defendant would not be liable as common carrier, if, "in order to make up a bill of lading for said cotton, it was necessary for defendant's agent to number and count said cotton, and said agent had not fully performed that duty before the fire occurred, and something else remained to be done before the acceptance of the cotton." The numbering and counting the cotton, and the something remaining to be done before acceptance, might be postponed by the agent until after acceptance. The question was, had the defendant accepted the cotton — not had all been done that ought to have preceded acceptance. If the defendant had taken control of the cotton and put its agents to preparing it for shipment, it had accepted the cotton. The proof showed that at the time of the fire the entire one hundred and eighty-seven bales of cotton had been delivered upon the platform. Thirty bales had been tagged for shipment by the porter under an order from the station agent to tag and load the whole one hundred and eighty-seven bales, and seven bales had actually been loaded upon the car. The plaintiff's agent had put the cotton upon the platform by instruction of the station agent, and appears to have done all required of him. On this testimony, the charge of the court, while open to criticism, was sufficient, taken all together, to fairly enlighten the jury upon the issues submitted to them. They were told that the cotton had to be delivered, and that plaintiff must have done all required of him to entitle him to a bill of lading, to make the defendant liable for the cotton as carrier. Under the facts, what would entitle him to a bill of lading would be a complete delivery of the cotton. The bill is a receipt for the freight as well as a contract to carry. We are of opinion that the court did not err in the general charge in submitting this issue or in refusing the special charge upon it requested by defendant.

The seventh assignment of error brings in question the sufficiency of the proof of plaintiff's ownership of the cotton destroyed and damaged to entitle him to maintain this suit. When the consignor and consignee are different persons, and the goods are in possession of the carrier to be delivered to the consignee, *prima facie* the consignee is the owner. But where there is no written contract, and no agreement between the carrier and the consignor further than that the goods shall be shipped to a given point, and the consignor is shown to be the owner before shipment, there is nothing to show a change of ownership. Such is the case here. It does not appear

that plaintiff's agent ever named to defendant's agent the Ashuelot Warp Company. The delivery of the cotton to the defendant was not a delivery to the Warp Company, and neither actually nor *prima facie* divested the plaintiff of his previous proved ownership. Hutchinson on Carriers, sec. 134.

The appellant does not complain of the charge of the court in submitting to the jury the issue on its liability for having negligently set fire to the cotton as charged in the second count of the plaintiff's petition. Whether the evidence on this count is sufficient to support the verdict rendered cannot affect the result, as on the other count the verdict is amply sustained by the testimony, and in its submission no error was committed by the court.

The judgment is therefore affirmed.

AFFIRMED.

[Opinion delivered October 30, 1885.]

ROBERTSON, ON MOTION FOR REHEARING.— The appellant's first assignment of error complained that the court below erred in overruling a special exception to the plaintiff's petition. In the petition it was averred that Hall sued for the use of the insurance company, to which it was averred he had transferred the cause of action sued on. The special exception was on the ground that the petition did not show that the cause of action was such as could lawfully be received by the insurance company. We hold that it was not necessary to show by averment or proof how the insurance company acquired its interest in the cause of action. That holding is questioned on this motion upon the authority of McFadin *v.* MacGreal, 25 Tex., 73, and Heard *v.* Lockett, 20 Tex., 162. It was decided in Heard *v.* Lockett that the party for whose use a suit is brought may by amendment substitute his name for that of the record plaintiff. In McFadin *v.* MacGreal it was held that the defendant could not recover over against the record plaintiff, suing for the use of another, without citing him. For such purpose the nominal plaintiff is not before the court. We hold that, to entitle Hall to recover for the use of the insurance company, the averment and proof need not go further than to show a right of recovery in Hall, the record plaintiff; for this purpose the suit is not the suit of the insurance company. To show that this holding is sustained by the authorities, and is consistent with the opinion in McFadin *v.* MacGreal, it is only necessary to examine the cases cited in McFadin *v.* MacGreal.

In Steele *v.* Phœnix Ins. Co., 3 Binney, 306, the suit did not appear in the pleadings to be for the use of the assignee; still the

plaintiff, on proof that the cause of action had been assigned and on payment of costs, was allowed to testify as a witness. In McCullum v. Coxe, 1 Dallas, 150, the chief justice in the trial court said that the fact that the suit is not for the use of the record plaintiff should be shown by a docket entry; and in the supreme court it was said that, in the case of Riegart v. Ellmaker, 6 S. & R., 45, it was held that it was not necessary that the equitable interest should appear on the record. In Dunn v. Snell, 15 Mass., 481, the pleadings did not disclose that the suit was by the plaintiff for the use of another; yet proof was heard to show the fact in order to defeat a defense based upon a release of the cause of action given by the record plaintiff.

These cases establish that it is sufficient to aver and prove a cause of action in the record plaintiff — for this purpose he is the real plaintiff; but as the cause of action is owned by another, and the suit is for his use, he may control the litigation — for this purpose *he* is the real plaintiff. Such suits are generally brought upon causes of action not assignable at law. At law the right of action has not passed to the assignee — hence the suit is brought in the name of the assignor; but for the protection of the assignee the record may show that the suit is for his use, but it is sufficient if the pleading discloses in the assignor a good cause of action. The exception in this case was, therefore, properly overruled, and the motion for rehearing is denied.

REHEARING REFUSED.

[Opinion delivered November 17, 1885.]