Martin, Wise & Fitzhugh v. Fort Worth & Denver City
Railway Company.

No. 501.

Negligence — Cotton Burned on Railway Platform — Cause of
Action.—A petition alleging, in substance, that plaintiff, under agreement of
through shipment with the local agent of the defendant railway company at R.,
had delivered certain cotton, the property of plaintiff, to defendant for ship-
ment by placing it on the railway platform at R., which was the usual method
there of delivering cotton for shipment, and of receiving it by defendant, and
that through the negligence of defendant in permitting small boys to play with
lighted pipes on the platform, the cotton was destroyed by fire, shows a cause of
action, and negligence, for which defendant was liable, though no bill of lading
may have been issued for the cotton.

Appeal from Tarrant.     Tried below before Hon. R. E. Beckham.

*Wynne & McCart*, for appellants.—The facts averred in plaintiffs' peti-
tion showed that defendant was liable as a common carrier for the value
of the cotton burned.     Railway v. Hall, 64 Texas, 615; Railway v. Nich-
olson, 61 Texas, 491; Hutch. on Carr., sec. 118.

No brief for appellee reached the Reporter.

TARLTON, Chief Justice.—In this case we think that the court erred
in sustaining a general demurrer to the following petition, in which the
appellants, as plaintiffs, complain of the appellee, as defendant, alleging,
that "Heretofore, to-wit, on the 10th day of March, 1889, plaintiffs were
the owners of fifty-five bales of cotton, which were then at Aurora, Texas;
that on said date plaintiffs applied to defendant's agent at Rhome, Texas,
then and there a station on defendant's line of railway, for the through
rate on said cotton from that station to Liverpool, England, and defend-
ant's agent at Rhome then and there promised and agreed to ship and
transport said cotton on their said line of railway and by connecting car-
riers from Rhome to Liverpool, as soon as the same should be hauled
from Aurora to Rhome.

"That in pursuance of said agreement, said cotton was delivered upon
the railway platform of defendant at Rhome, Texas; that all of said cot-
ton was so delivered on said platform with the knowledge and consent of
defendant's agent, and in fulfillment of the contract previously made with
him for the transportation of said cotton over said line of railway, and
thence over connecting carriers to Liverpool.

"That subsequently, to-wit, on the 13th day of March, 1889, plaint-
iffs still being the owners of said cotton, after said cotton was delivered
upon said platform, on the account of the negligence and carelessness of de-

fendant and its agents and servants in then and there permitting several small boys to be and remain on its platform where said cotton was placed, and then and there permitting said boys to play on said cotton with pipes which then and there had fire in them, in other words, to smoke pipes on said platform and the said cotton, a fire broke out in said cotton, and wholly destroyed thirty-two bales thereof.

"That said cotton was delivered on said platform with the knowledge and consent of the defendant's said agent at Rhome, and at the time it was always the custom of persons intending to ship cotton over said railway to place said cotton on said platform, and the placing of it there was always regarded and held by both the persons putting it there and the defendant as a delivery thereof to defendant, and that by delivery of said cotton on said platform it was received by defendant for shipment. That it was the general custom of defendant to receive cotton for shipment on said platform, and that it had no other place at Rhome for receiving cotton for shipment but said platform. That said cotton was placed on said platform by plaintiffs for the purpose of being shipped over defendant's and connecting lines of railway to Liverpool, England.

"That at the time of the destruction of the said thirty-two bales of cotton, the same was, at the place it was destroyed, of the value of $1500."

From the allegations of the foregoing petition, it appears that the cotton in question had been delivered to the defendant, and was in its custody by virtue of a contract of shipment, and that while in its custody, it was destroyed because of the negligence of the defendant. These facts, we think, constitute a cause of action. No bill of lading was necessary to render the company responsible for negligence in taking care of the property thus delivered and in its custody. Railway v. Hall, 64 Texas, 615; Railway v. Nicholson, 61 Texas, 491; Hutch. on Carr., sec. 118.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered June 28, 1893.