FORT WORTH & DENVER CITY RAILWAY CO. ET AL. V. MARTIN, WISE & FITZHUGH.

No. 2121.

1. Common Carrier—Delivery to—Custom—Liability Before Bill of Lading.

Plaintiff, having a verbal agreement with a railway company for the shipment of certain cotton, delivered it for shipment by placing it upon the depot platform, within the knowledge of the company's agent, as was the custom of delivery at that place; and before a bill of lading was given, the cotton was destroyed by fire, caused by matches being ignited on the platform by small boys allowed to play there. Held, that the defendant's liability as a common carrier had attached, and plaintiff was entitled to recover the value of the cotton.

2. Same—Circumstantial Evidence.

While there was no direct or positive evidence that the agent knew of the delivery of the cotton, or of the boys then playing on the platform, yet the facts that the platform was only about 200 feet from the agent's office and in plain view, and that the agent was not called upon to testify, were sufficient to warrant a finding in plaintiff's favor upon such issue.

ERROR from Tarrant. Tried below before Hon. W. D. HARRIS.

*Stanley, Spoonts & Meek,* for plaintiffs in error.—Before defendants could be held responsible for the loss of said cotton as common carriers, the petition must allege a state of facts which showed that the cotton had been delivered to and accepted by the defendants for transportation. Packard v. Getman, 6 Cowan, 757; Hutchinson on Carriers, sec. 83.

*Wynne & McCart,* for defendants in error.—The verdict of the jury is supported by the evidence. The undisputed evidence shows there was a contract for the shipment of cotton made in the customary way at said station of Rhome by the defendant's agent and the shippers, as to the shipment of said cotton; that the cotton had been delivered at the customary place for shipment, the same place where defendants had theretofore received cotton for shipment, and that plaintiffs had done all that the customs of defendant required at said station of Rhome, as to the delivery of cotton for shipment. Martin v. Railway, 22 S. W. Rep., 1007; Railway v. Hall, 64 Texas, 615; Railway v. Nicholson, 61 Texas, 491;

Hutchinson on Carriers, 615; Express Co. v. Black, 27 S. W. Rep., 830; Myer v. Railway, 6 South Rep., 218; Railway v. Murphy, 30 S. W. Rep., 417; Chit. on Carriers, 27; Railway v. Kolb, 73 Ala., 296; Marion v. Railway, 20 Conn., 354; Story on Bailment, 532; Hutch. on Carriers, 90-93; 2 Rohrer on Railroads, 1279.

TARLTON, Chief Justice.—Plaintiffs in error, the Denver, Texas & Fort Worth Railway Co. and the Fort Worth & Denver City Railway Co., prosecute this writ from a judgment in the sum of $1450, recovered by the defendants in error, Martin, Wise & Fitzhugh, as damages for the loss of certain cotton while in the custody of the companies.

On March 9, 1889, defendants' agent at Rhome, Texas, made with the plaintiffs a verbal agreement for the shipment upon delivery, and the transportation from that point to Liverpool, England, of 52 bales of cotton. On the 11th, 12th and 13th of March the cotton was delivered upon the platform of the defendants at Rhome, the delivery being completed on the 13th. The delivery was thus made with the knowledge and consent of the defendants' agent, and in accordance with the contract of shipment previously made.

At that date, by custom resting upon a course of dealing between the defendants and persons contemplating shipments, cotton intended for shipment was placed upon the platform of the companies, the only place at Rhome for receiving such cotton. By such custom also, the delivery of cotton at this point and in this manner was uniformly regarded by the shipper and the defendants as a delivery to the latter for shipment.

After the cotton was thus delivered, it was ignited on account of the careless handling and lighting of matches by a small boy, who, with certain companions, was playing upon the platform and about the cotton; and 32 bales were burned, of the value of $1450, the amount of the verdict. Circumstances indicate that the boys were visible to the defendants' agent, if not actually seen by him, and that no attempt was made to expel them from the platform.

The defendants had executed no bill of lading at the time of the destruction of the cotton.

*Conclusions of law.*—1.   We adhere to the view expressed by us on a former appeal of this case (Martin v. Railway Co., 22 S. W. Rep., 1007), and hold that the petition—substantially the same now as then—alleges facts which attach liability to the defendants as common carriers. See authorities there cited, and also Railway Co. v. Murphy, 30 S. W. Rep., 420.

2.   There was testimony tending to show that the cotton had been placed upon the defendants' platform with the knowledge and consent of Mr. Hawkins, the agent of both the defendants. While the evidence was not direct or positive that the agent knew of the delivery of the cotton, the circumstances clearly indicate such knowledge on his part.

The platform was but 200 feet from the depot building, his manifest place of business. A special or an express arrangement had been made with him on the 9th of March for the delivery and shipment of the cotton, and the delivery thereof had been effected at different times from the 11th to the 13th of the month. The testimony of Mr. Pennington, who represented the plaintiffs in making the arrangement for the shipment of the cotton, is to the effect that his negotiations were with the agent at Rhome—the defendants' agent, representing both companies. The fact that boys were upon the platform in close proximity to the depot, and the fact that the agent did not testify, were circumstances from which the jury might have inferred that he saw the boys upon the platform. The fifth and sixth assignments, here overruled, seem to ignore the proposition that facts may be proven by circumstantial evidence.

3. There was testimony sufficient to prove the existence of the custom alleged in the petition and involved in the highly argumentative instruction which the court (in the exercise of indulgence probably excessive) granted at the request of the defendants. In applying this instruction, the jury must have found that the agent of the defendants had notice that the cotton had been placed upon the platform intended for immediate shipment. We think that the testimony supports the verdict in this respect.

These views dispose of all the assignments, and require an affirmance of the judgment; which is ordered.

*Affirmed.*

Delivered February 29, 1896.

Writ of error refused.