### TEXAS & P. RY. CO. v. WILLIAMS.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1910.)

#### No. 2,042.

RAILROADS (§ 484*)—ACTION FOR INJURY BY FIRE—QUESTIONS FOR JURY.

In an action against a railroad company to recover for loss by a fire alleged to have been caused by an engine on defendant's road, proof that the appliances of the engine which passed the premises just before the fire were in good condition does not entitle defendant to an instructed verdict.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Action at law by J. S. Williams against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Cecil H. Smith, for plaintiff in error.

E. S. Conner and S. B. M. Long, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. The assignments of error which question the jurisdiction at law of the court below and the sufficiency of parties in interest are not well taken. See Chicago, St. Louis & New Orleans R. Co. v. Pullman Southern Car Co., 139 U. S. 79, 11 Sup. Ct. 490, 35 L. Ed. 97; Southern Bell Telephone & Telegraph Co. v. Watts, 66 Fed. 460, 13 C. C. A. 579; Railway v. Hall, 64 Tex. 615.

The evidence of George Polk, complained of in the fifth assignment of error, seems to have been, not only relevant, but material. While the undisputed evidence in the case may show that the appli-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ances of defendant's engine that passed plaintiff's premises just before the fire were in good condition, that did not, under the proof, entitle the defendant to an instructed verdict.

As to defendant's negligence, the evidence required a submission to the jury.

The judgment of the Circuit Court is affirmed.