GALVESTON, H. & S. A. RY. CO. v. COMPANIA HULERA DE MONCLOVA. (No. 6052.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1918. Rehearing Denied June 21, 1918.)

CARRIERS ⬡⟳113 — BURNING OF ACCEPTED GOODS—LIABILITY.

Goods having been accepted by a carrier for shipment, it is liable for burning thereof before shipment, notwithstanding bill of lading had not been issued, and noncompliance with any requirement of Interstate Commerce Commission for tagging goods.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Action by Compania Hulera de Monclova against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, W. B. Teagarden, of San Antonio, and

Boggess & Smith, of Del Rio, for appellant. Sanford & Wright, of Eagle Pass, and Lewright & Douglas, of San Antonio, for appellee.

FLY, C. J. Appellee sued appellant to recover $1,522.20 for the loss by fire of 6,610 pounds of guayule rubber, which it was alleged was delivered to and accepted by appellant for immediate transportation from Eagle Pass, Tex., to New York City. The cause was submitted upon special issues, and upon the answers of the jury thereto judgment was rendered in favor of appellee for the sum of $2,887.62.

A shipment of 62 sacks of guayule rubber came from Mexico to the Mexican side of the Rio Grande and everything required by the customs laws was done, and the sacks brought over to Eagle Pass and placed on the platform of appellant's railway on April 15, 1916. After being fumigated according to quarantine regulations the rubber was released and appellant advised that it was on the platform for shipment. The agent said that he did not have time to weigh the rubber and issue a bill of lading that afternoon, but would ship the rubber next morning. The rubber was delivered to and accepted by the agent of appellant on Monday afternoon, and it was agreed that it would be shipped next morning. In the meantime it was nearly destroyed by fire; the salvage amounting to only $127. The rubber was properly marked for shipment and was ready for immediate shipment when tendered to appellant and accepted by it.

It would not matter whether the sacks of rubber were properly tagged and marked or not. It was customary to receive broken car lots unmarked and mark them at the depot, and by the acceptance of the freight for shipment all questions as to marking were waived by appellant. It is not claimed in the brief that the testimony failed to show that the goods were accepted for shipment, and no issue was requested to be submitted as to the sacks being properly marked. It is claimed that it is required by the Interstate Commerce Commission that goods be tagged as well as marked. This court has not had its attention called to any such requirement; but if there is such a requirement in existence, appellant cannot take advantage of its violation of the rule and thus escape liability. Express Co. v. Essig, 17 Ga. App. 657, 87 S. E. 1090.

The case of Railway v. Hall, 64 Tex. 615, is direct authority for the proposition that a bill of lading is not necessary to show delivery of freight to a common carrier and its acceptance of it, but that if the evidence shows an acceptance in any way, the carrier will be liable. In the cited case certain cotton had been placed on the railroad platform by the plaintiff, and the court said:

"The numbering and counting the cotton, and something remaining to be done before acceptance, might be postponed by the agent until after acceptance. The question was: Had the defendant accepted the cotton—not had all been done that ought to have preceded acceptance?"

See, also, Railway v. Beard, 34 Tex. Civ. App. 188, 78 S. W. 253; Railway v. Martin, 35 S. W. 28; Railway v. Jackson, 37 S. W. 255; Railway v. Edwards, 56 Tex. Civ. App. 643, 121 S. W. 570.

There is no merit in any of the assignments, and the judgment is affirmed.