## FREEMAN W. VARNEY *vs.* NATHANIEL A. HAWES.

## Penobscot.   Opinion delivered October 24, 1878.

### *Mortgage.*

A man may make a valid mortgage for the payment of money without particularly describing the writing which may be evidence of the debt, or without even giving any independent written evidence thereof.

But he is not at liberty to substitute a different condition, by parol evidence, for that which he expressed in his deed.

A man may mortgage to an agent in order to procure credit from his principal, and the agent may enforce the mortgage as the trustee of his principal.

Plaintiff was selling agent of a wholesale firm of whom defendant desired to purchase goods on credit. To obtain the credit it was arranged between plaintiff and defendant that plaintiff should become surety on defendant's note to the firm on four months, for the price of the goods, and defendant should give plaintiff a mortgage on the property demanded in this suit, conditioned for the payment to the plaintiff in four months of a sum of money equal to the amount of the note. This was all done, and defendant had the goods and made partial payments to the plaintiff as agent, which were accounted for on the note. He resisted the suit on the mortgage before the presiding justice who heard the case at *nisi prius*, without the intervention of a jury, claiming that the conditional clause in the mortgage did not sufficiently describe the plaintiff's liability on the note and was contradictory to it, and because plaintiff had not then paid the note to his principals. But the justice ruled the suit maintainable, overruled defendant's objections and ordered a conditional judgment for an amount equal to the balance due on the note. *Held,* no error.

In the same case, the plaintiff signed and gave to the defendant this writing: "Whereas said Hawes has this day given to said Varney a bill of sale of certain parts of five schooners to secure a debt of $1,476. Now if the said Hawes shall pay said debt in four months from this date, then the said Varney shall re-convey such said parts of the vessels described in said bill of sale." The vessels remained in the custody of the defendant for more than four months, after which one of them was lost, *Held :* The finding of the presiding justice negatives the defendant's claim that there was ever any absolute and completed sale to the plaintiff of the part of the vessel which was lost at sea, while in defendant's possession and control, or any agreement or understanding that would entitle the defendant to have the value thereof allowed as a partial payment. It was designed and treated throughout as security only ; and never having been in plaintiff's possession or control, and he never having received any of the proceeds thereof, he cannot be required to account for its value as a payment on the debt.

ON EXCEPTIONS, by the defendant.

WRIT OF ENTRY, on mortgage, claiming a conditional judgment.

*C. J. Abbott,* for the defendant.

*E. Hale & L. A. Emery,* for the plaintiff.

BARROWS, J. Plaintiff was the selling agent of Shaw, Hammond & Carney, of whom defendant desired to purchase goods upon credit. To obtain the credit it was arranged between plaintiff and defendant that defendant should give his note on four months for the amount of the goods, payable to S, H & C ; that plaintiff should become surety on the note and defendant should give plaintiff a mortgage on the property demanded in this action, conditioned for the payment to the plaintiff in four months of a sum equal to the amount of the note. Defendant made partial payments to the plaintiff, as agent of the payees and had credit for them on his note.

The presiding justice to whom the case was submitted with right to except, ordered a conditional judgment for plaintiff for the balance due. The defendant contended that the plaintiff could not recover because the condition did not sufficiently describe the plaintiff's liability on the note, and because the plaintiff had not paid the note to Shaw, Hammond & Carney.

We do not see that the defendant has any just or legal ground to complain of the decision.

We know of no rule of law which prohibits a man from mortgaging to an agent in order to procure credit from his principal, or which should prevent the agent to whom such mortgage was given from enforcing the same as the trustee of his principal.

The defendant conditioned his mortgage for the payment, to the agent from whom he desired to purchase the goods, of the amount of the purchase money at the expiration of the term of credit.

Had he performed that condition he would have had a perfect defense to the action. He has not done it, and the mortgage may be enforced in the name of the agent. A man may make a valid mortgage for the payment of money without particularly describing the writing which may be evidence of the debt designed to be secured, or without even giving any independent written evidence of the debt.

But he is not at liberty to substitute a different condition, by parol evidence, for that which is expressed in his deed. If the defendant had designed this mortgage merely to indemnify the

plaintiff for becoming his surety to Shaw, Hammond & Carney, apt words should have been used to express such a condition. The fallacy of the defendant's position consists in the assumption that the plaintiff proceeds upon the ground that the mortgage was made to indemnify him as surety for the defendant, which is opposed to the express language of the condition. Upon this assumption he based the objection which he made at *nisi prius*, to the plaintiff's suit. The presiding judge overruled it, apparently finding that the mortgage was designed as security for the payment of the price of the goods sold, at the expiration of the term of credit, and that it was received and held by the plaintiff as agent and trustee of his principals. This is not inconsistent with the language of the condition. Even if the defendant's assumption that the mortgage was designed to secure the plaintiff on account of his liability as the defendant's surety could be admitted, the result would be the same; for the plaintiff would be entitled to recover upon production of his mortgage, unless the defendant, upon whom the burden of proof would then devolve, should "show that the note had been paid or the plaintiff released, or that for some cause the plaintiff could not be damnified." *Davis* v. *Mills*, 18 Pick. 394.

In case of a mortgage for indemnity the mortgagee's title to the property does not depend upon his having actually paid the debt, or being solely liable therefor. *Barker* v. *Buel*, 5 Cush. 519.

In no view that can be taken of the case can it be made to appear that the defendant is wronged in being held to the performance of the contract by means of which he procured the credit and the goods. There was an ample consideration to support the mortgage, and defendant has credit for all the payments he has made.

It is conceded by the able counsel for the defendant that the facts stated in the exceptions do not leave much ground for the defendant's position, that he is entitled to have the value of the part of the vessel which was lost at sea, while in defendant's possession and under his control but after it had been conveyed by an absolute bill of sale to the plaintiff, allowed as part payment of the debt. There was a sealed agreement (of the same date as the bill of sale) given by plaintiff to defendant, reciting that the bill

of sale was given to secure a debt of $1,476, and promising to re-convey upon payment of the debt in four months.

The presiding judge who heard the testimony negatived the defendant's claim that there was at any time an absolute and complete sale or reception of the part of the vessel by the plaintiff as payment, and found that the parties intended a transaction which would in law amount to a mortgage, and thereupon rightly held that as the property remained in the possession of the mortgagor and no part of the proceeds of the vessel came to the hands of the mortgagee, he should not be held accountable for her value as a partial payment.

The judge's finding is conclusive as to the facts, and it leaves no legal ground for the defendant to stand upon.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.