JOHN T. SMITH v. S. W. MOSELY.

No. 2786.

1. **Contracts—Principal and Agent.**—The law will not permit the employed agent of a county to make profit for himself at the expense of a county by influencing the County Court to disregard its duty. Even though the county commissioners be guilty of culpable negligence in the performance of their duty to protect the public interest, the county may recover back the damage sustained by the act of the faithless agent. For facts see opinion.

2. **Cases Distinguished.**—This case distinguished from De la Garza v. Bexar County, 31 Texas, 484; Looscan v. Harris County, 58 Texas, 514; and McFadin v. MacGreal, 25 Texas, 73.

3. **Parties.**—In a suit to recover money for a county brought in the name of another for the use of the county, the county is the real plaintiff, and the name of such other should be stricken out as surplusage. If this be not done no issue as to the authority of a third party to sue for the use of the county can be made by a party except by plea in abatement.

APPEAL from Marion. Tried below before Hon. John L. Sheppard.

The opinion states the case.

*H. McKay,* for appellant.— 1. The court should have sustained de-

fendant's demurrer and exceptions to plaintiff's pleadings, and have dismissed the cause, for that the cause of action set out in this case can only be enforced by suit by the county and name of the county. Rev. Stats., arts. 676, 682, 683; De la Garza v. Bexar County, 31 Texas, 486, 487; Looscan v. Harris County, 58 Texas, 514–16.

2. S. W. Mosely as county judge could not institute and proseeute this suit in his own name for the use of the county, for that the contract was not made with him and in his name for the use of the county. Rev. Stats., arts. 676, 682, 683; De la Garza v. Bexar County, 31 Texas, 486; Looscan v. Harris County, 58 Texas, 514.

3. Judgment should have been rendered for defendant upon his demurrer or exceptions and the state of pleadings at the trial, dismissing said cause. Looscan v. Harris County, 58 Texas, 516; Hays v. Stewart, 8 Texas, 358.

*L. S. Schluter*, for appellee.— 1. The appellee, Marion County, acting by and through its county judge, had the right to institute, proseeute, and maintain this suit against appellant upon a cause of action growing out of a contract between appellant, Smith, and appellee, Marion County. Rev. Stats., arts. 682, 683.

2. The suit having been brought in the name of appellee, Marion County, and the judgment rendered being for Marion County, said judgment so rendered can be pleaded as an estoppel to any other action which appellee, Marion County, might cause to be instituted upon the same contract or cause of action, and said judgment would bar a future recovery of appellee, Marion County, against appellant, Smith. Looscan v. Harris County, 58 Texas, 515; Le la Garza v. Bexar, County, 31 Texas, 485.

Henry, Associate Justice.—The County of Marion made with John T. Smith a contract in writing, by which Smith was employed to sectionize the school lands belonging to the county, and after they were classified and valued by the Commissioners Court of said county he was authorized to sell them at the value fixed upon them by the county.

When sales were made they were to be reported by Smith to the Commissioners Court for its approval before being completed.

This suit grew out of a sale of nineteen sections made and reported to the Commissioners Court by Smith for a price one thousand dollars less than the value placed upon them by the county. The petition filed by the county against Smith for the recovery of one thousand dollars difference charges that at the time said report of sale was made to it said court was busily engaged upon other important business of the county, and because it would require some time to examine the report requested Smith to leave it before the court for that purpose, but Smith assured the court that the sale was in full compliance with the terms and prices,

fixed by the court, and that the purchaser was waiting for his deed, and that if said sale was not in full compliance with the terms and prices as fixed by the court he would be responsible therefor and make any defect good to the county, and that said court relying upon such representations and promises approved said report and sale, and that after the approval of the report the court investigated the sale and ascertained that it as reported and approved was for one thousand dollars less than the price fixed upon the land by the court.

The suit was brought in the name of S. W. Moseley, county judge of Marion County, for the use of said county.

The District Court overruled exceptions to the petition upon the grounds:

"1. That the county was estopped by its approval of defendant's report of the sale.

"2. That the suit can not be maintained in the name of plaintiff for the use of the county."

Upon the verdict of a jury judgment was rendered in favor of plaintiff for one thousand dollars and interest.

The facts alleged in the petition were substantially proved. The defendant testified, denying that he had promised to make the sale conform to his contract with the county if the report failed to show it was so. Two witnesses, one a county commissioner and the other the county treasurer, testified substantially that he did make such promise.

While it may be readily admitted that the County Commissioners Court was guilty of culpable negligence in approving the report, however much urged to do so, without examining it sufficiently to see that the sale was made in pursuance of the instructions given the agent of the county, we yet can not approve the proposition that the agent of the county shall be permitted to make profit for himself at the expense of the county by influencing the court to disregard its duty. In such a case, even without the promise to make the transaction conform to his contract alleged to have been made by him in this case, he ought to be held to make the loss to the county good if the failure of the court to ascertain the wrong was to any extent knowingly induced by him.

In justification of the Commissioners Court it was proved that with the exception of the judge it was "a new one."

In support of the proposition that the suit ought to have been dismissed because it was brought in the name of S. W. Moseley for the use of Marion County, instead of in the name of the county itself, we are referred by appellant's counsel to the cases of De la Garza v. Bexar County, 31 Texas, 484, and Looscan v. Harris County, 58 Texas, 514. The case in 31 Texas is in point, and it holds that the cause ought to have been dismissed, Morrill, C. J., saying: "There is nothing in this case that goes to show that any other officer of the county except the chief justice

had anything to do with bringing the suit or any knowledge of its pendency. Being in the name of the chief justice, he and not the county had the legal control of the suit."

On the contrary, in the case of McFadin v. MacGreal, 25 Texas, 73, where the suit was brought by James McFadin for the use of Jack Davis, and MacGreal, the defendant, set up a demand in reconvention against McFadin, and the plaintiff failing to further appear or prosecute his suit MacGreal on an ex parte trial took judgment against McFadin, this court on appeal reversed the judgment, Wheeler, O. J., saying: "It is Davis who uses his name—it may be without his knowledge or consent—who is the real plaintiff, and the only party who seeks to litigate in that capacity his own demand against the defendant. He (McFadin) is merely a nominal party upon the record. Before a judgment can be recovered against him it is very clear that he must be made a real party. It can only be as any other party is brought into court and subjected to its jurisdiction over his person by the service of process upon him." See Heard v. Lockett, 20 Texas, 162.

The question in the case of Looscan v. Harris, as stated in the opinion of Presiding Judge Walker, was: "Whether the district attorney may, under the authority conferred on him as such officer, institute this action 'in the name of the county of Harris' without the consent and against the will even of the Commissioners Court of said county."

The petition alleged that the Commissioners Court had refused to bring or authorize the bringing of the suit. No question was made in the case before us about its being brought by authority of the county.

Under the above cited authorities the county was the real plaintiff, and the suit appearing to be prosecuted for its benefit, and upon a cause of action belonging to it, no issue as to the authority by which it was being maintained could have been made except by a plea in abatement.

We can recognize no distinction in principle between a case like the present, where the name of a person having no connection with the controversy is used as plaintiff for the use and benefit of the real party in interest, and the reported cases, where the person who sued for the use of another had a naked legal but no beneficial interest.

The suit would properly have been brought in the name of Marion County, and the use of another name as plaintiff would properly have been stricken out as surplusage.

The judgment is affirmed.

*Affirmed.*

Delivered October 29, 1889.