### M. H. WOLFE & CO. v. ST. LOUIS SOUTH-WESTERN RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1912. Rehearing Denied March 2, 1912.)

1. APPEAL AND ERROR (§ 1070*)—HARMLESS ERROR — ANSWERS TO INTERROGATORIES — CONFLICTING ANSWERS.

In an action against a railroad company for the destruction of cotton by fire, the jury were asked if the cotton was in imminent danger from fire by reason of its location, which they answered, "No," but answered in the affirmative a question whether the cotton was liable to fire. *Held*, that the conflict in the answers was immaterial, in view of the fact that the jury answered in the affirmative a question whether the railroad employés used due care in operating the train, and whether the engine was in repair and properly equipped with spark arresters.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

2. RAILROADS (§ 453*)—FIRES—NEGLIGENCE.

While a railroad company was bound to use due care to prevent cotton piled by the owner along the right of way from catching on fire from sparks, it was not bound to cease operating its trains to prevent firing the cotton, as the owner assumed the risk of its destruction by sparks from a properly equipped locomotive.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1657–1660; Dec. Dig. § 453.*]

3. NEW TRIAL (§ 44*)—MISCONDUCT OF JURY.

In an action against a railroad company for the destruction of cotton by fire, the fact that during the deliberation of the jury the question of the cotton being insured was mentioned, but none of the jurors knew of the existence of insurance or that it had been paid, and the jurors who testified stated that the mentioning of the insurance did not affect their verdict in favor of defendant, there was not such misconduct of the jury as to require a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 80–85; Dec. Dig. § 44.*]

Error from District Court, Hill County; W. C. Wear, Judge.

Action by M. H. Wolfe & Company against the St. Louis Southwestern Railway Company of Texas. Judgment for defendant, and plaintiff brings error. Affirmed.

Morrow & Morrow, for plaintiff in error. Scott & Ross, for defendant in error.

RAINEY, C. J. Plaintiffs in error sued to recover of the defendant in error for the value of certain cotton negligently burned from sparks emitted from the locomotive of defendant in error. Defendant in error answered by general denial and contributory negligence. Special issues were submitted to the jury, and upon being answered a judgment was rendered in favor of defendant in error, and plaintiffs in error prosecute this review.

"It was alleged by plaintiffs: That on the date of the fire they had cotton situated on the compress at Hillsboro. That situated to the west thereof was the main line of the defendant and within 50 feet, the compress switch, in about 3 feet the cotton mill switch at a point about 100 feet north of the north end of the compress. That approaching the compress from the north there was a heavy upgrade for a distance of about 250 feet, the point where the switch joins the main line. That the south end of said compress switch lies and extends south of the compress for about one-quarter of a mile through the yards of the defendant company; that a very strong wind was blowing from the northwest across the defendant's tracks toward the compress and cotton.

---

-*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

That defendant's engine came into Hillsboro and did switching from the north end of the compress switch several times, on the cotton mill spur once, and, while switching, set fire to plaintiffs' cotton. That before doing said switching defendant's servants discovered plaintiffs' cotton and saw that it and a large number of other bales lying near it were exposed, and knew the combustible nature of said cotton, and of the strong wind blowing from the northwest across its tracks toward said cotton, and knew that any. coal burning engines throw sparks and cinders, and knew that the one being operated was throwing sparks and cinders. That, notwithstanding these facts, they went into the north end of the compress switch and into the cotton mill spur, from which direction sparks would likely blow upon plaintiffs' cotton and the other cotton, instead of going into the south end of said compress switch, from which direction no sparks could be communicated to plaintiffs' cotton and the other cotton, and instead of not going into the cotton mill spur at all. That under the circumstances alleged hereinabove, and with the knowledge possessed by the defendants as hereinabove set out, the defendant's employés in charge were negligent in going into said switch near to said cotton and in going up said grade as aforesaid. That under the circumstances aforesaid, and with the knowledge aforesaid, the defendant's employés in charge of said engine were negligent in going into said switch near said cotton platform a number of times, and were negligent in stopping and starting their engines attached to said cars near said platform. That with the knowledge aforesaid, and under the circumstances aforesaid, the defendant's employés in charge of said engine were negligent in going into said cotton mill spur after said empty oil tank under the circumstances hereinabove alleged. That under the circumstances aforesaid, and with the knowledge aforesaid, the defendant employés in charge of said engine were negligent in causing the blowers of said engine to be put on, thereby causing it to emit more fire than it otherwise would have done." ·

The evidence showed that the railroad employés did switching on its track near the compress platform in the town of Hillsboro at the time alleged. The cotton was piled, ends up, on the compress platform, and exposed, and ignited from sparks thrown from the railway's locomotive. On the question of the employés being negligent, the evidence was conflicting on the main issues, and the jury found in favor of the railroad. In answer to special issues they found that the railroad exercised ordinary care to properly equip its locomotive with the most approved fire appliances; that said appliances were in good repair; and that the employés in operating the engine used ordinary care to prevent the escape of fire. It was shown that said employés saw the cotton and its location before it ignited, and that the engine would throw some sparks. It was shown without contradiction that it was impossible to prevent any locomotive engine from throwing some sparks at times when being operated.

[1] The jury were asked, in relation to the location of the cotton, if it was in imminent danger from fire, which they answered in the negative, and they answered in the affirmative the question if it was liable to fire. We think these answers conflicting; but this is immaterial under the evidence, as the controlling issue was: Did the employés use due care in the operation of the train in doing the switching, and was the engine in repair and properly equipped with spark arresters? As to these issues, the jury by its findings fully exonerated the railroad from negligence.

[2] The doctrine of discovered peril is invoked in this case by appellant. We cannot understand how said doctrine is applicable to a case of this character. Where human life is involved, the highest degree of care must be used by the employés, even to the stopping of a train to prevent injury. But does this strict degree of care obtain in respect to property situated as this property was? It is true the duty of using care was incumbent upon them to prevent the cotton from catching fire from sparks, but it was not incumbent upon them to go to the extent of abstaining from the operation of the train. The railroad had the right to operate its train along its track near the platform, notwithstanding the cotton was piled uncovered thereon. The owner in piling it there took the risk of fire from the operation of a locomotive properly equipped and carefully operated.

Complaint is made that on certain issues the jury's answers are not supported by the evidence. For this contention there is some ground for so believing; but we think, in view of all the facts, it is more apparent than real. The evidence being conflicting on the material points, we conclude in favor of the jury's finding.

[3] The conduct of the jury is assigned as error, for the reason that while deliberating they were informed by two of their fellow jurors, Bickerstaff and Berry, that plaintiffs in error had insurance on said cotton and had been paid said insurance. It was shown that the question of insurance was mentioned in the jury room; but none of the jurors knew anything of its existence, nor of its having been paid, had it existed, and those who testified said it had no effect or influence upon them in rendering a verdict.

The issue was passed upon by the trial court, and we are unable to say that there was such abuse of the discretion imposed in him as warrants the disturbance of the verdict.

The judgment is affirmed.