NUSSBAUM & SCHARFF v. TRINITY & BRAZOS VALLEY RY. CO.

(Court of Civil Appeals of Texas. Dallas. May 25, 1912. On Motion for Rehearing, Oct. 12, 1912.)

1. RAILROADS (§ 481*)—FIRES — EVIDENCE—ORIGIN OF FIRE.

In an action against a railway company for setting fire to cotton bales on a compress platform, testimony that witnesses who lived near the track had previously seen engines pass by emitting sparks in large quantities, and that they often spoke of the danger resulting therefrom, was properly excluded, where the identity of the engine that set the fire was established beyond controversy.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

2. TRIAL (§ 296*) — INSTRUCTIONS — ERROR CURED BY OTHER INSTRUCTION.

In an action against a railway company for setting a fire, any error in an instruction which relieved the company from liability if it used ordinary care to equip its engine with an approved spark arrester in failing to require the company to have kept the spark arrester in good repair was harmless, where another instruction covered the omission.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. TRIAL (§ 295*) — INSTRUCTIONS—INSTRUCTION AS A WHOLE.

An instruction should be considered as a whole, and not by single paragraphs.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

4. DAMAGES (§ 64*)—INSURANCE—EFFECT.

Payment by an insurance company for cotton negligently burned by a railroad company does not inure to the benefit of the railway company, there being no privity between it and insurer.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 113; Dec. Dig. § 64.*]

5. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

In an action against a railway company for setting fire to bales of cotton on a compress platform, an instruction that, if defendant knew of the cotton's exposed condition, it was bound to use a high degree of care to prevent the escape of sparks, sufficiently covered a requested charge on "discovered peril."

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

On Motion for Rehearing.

6. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

In an action against a railway company for setting fire to cotton, error in an instruction that plaintiffs could not recover and any cause of action was the property of the insurance company which had paid plaintiffs for the loss was harmless to plaintiffs, where it clearly appeared that the verdict for defendant was based on insufficiency of evidence to show negligence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from Limestone County Court; H. B. Daviss, Judge.

Action by Nussbaum & Scharff against the Trinity & Brazos Valley Railway Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Collins & Cummings, of Hillsboro, for appellants. N. H. Lassiter and Robert Harrison, both of Ft. Worth, and C. S. Bradley, of Groesbeck, for appellee.

RAINEY, C. J. Appellants brought this suit against the appellee to recover damages for the loss of certain cotton situated on the compress platform at Mexia, Tex., alleged to have been burned by sparks emitted from appellee's engine. Appellee answered by general denial, and specially that its engines were equipped with the best and most approved spark arresters, and that ordinary care was used to maintain and keep them in good condition, and that care was used in their operation, but that, in spite of such precaution, it was impossible to prevent sparks from escaping, especially when pulling a train up grade; that plaintiffs were guilty of contributory negligence in placing

the cotton in an exposed condition, and in failing to keep it covered with a tarpaulin, and in not having the exposed surface dampened by sprinkling it with water. A trial resulted in a verdict and judgment in favor of appellee, from which the appellants prosecute this appeal.

[1] Error is assigned to the action of the court for the exclusion of the testimony of Mrs. Emma Lee and Mrs. W. D. Vickers, who lived near appellee's railroad track, to the effect that, before the burning of the cotton, they had seen engines passing along said track and near said compress and emitting sparks in large quantities, and they often spoke of how dangerous it was, and wondered why greater caution was not taken in passing the compress, where there was so much cotton stored.

There is no positive evidence that identifies the engine, if any, which set fire to the cotton, but we think, if it was so set afire, that the circumstances are so convincing that there can be no doubt of the identity of the engine which did it. Engine No. 15 passed there at 1 o'clock a. m. Engine No. 12 passed at 2:20 a. m., and immediately thereafter the fire was discovered, which shows clearly that, if set afire by a passing engine, it was fired by sparks escaping from engine No. 12. The evidence excluded was as to sparks escaping at other and different times from the time No. 12 passed, and, as the identity of the engine that set fire to the cotton was established beyond controversy, we are of the opinion that there was no error in excluding the evidence as complained of, especially as it does not show that the emission of sparks was at or about the time of the fire. Morgan v. Railway Co., 50 Tex. Civ. App. 420, 110 S. W. 978.

[2, 3] The fifth assignment of error is: "The court erred in the tenth paragraph of the main charge, in that he instructed the jury that the prima facie case made by proof of the destruction of the cotton by fire from the defendant's locomotive would be rebutted if they believed, first, that the defendant exercised ordinary care to equip its engine with one of the most approved spark arresters in use; and, second, that the agents and employés of the defendant failed to use ordinary care to prevent the escape of sparks and fire from the engine, and ignores the issue of negligence made by the pleadings and proof as to whether the spark arresting appliances were in good repair at the time the fire was communicated to the cotton. The court nowhere tells the jury that, in order to rebut the prima facie case, they must believe that the spark arrester was in good repair." The criticism of the foregoing charge, while true in that the court failed to instruct the jury as to the spark arresters being in good repair, still we think the omission in this connection was harmless, for the court in the fourteenth paragraph of its charge told the jury, among other things, that, in

order to find for defendant, they must believe from the evidence that the engine was was properly equipped with one of the most approved and best kind and character of spark arresters in common use among the railroad companies of this country, and that same was in good condition for arresting sparks, etc. This, we think, clearly relieved the error, if any, by the omission in paragraph ten of the charge, as charges should be considered as a whole and not by single paragraphs.

The sixth assignment of error is: "The court erred in the fifth paragraph of his charge in instructing the jury that Nussbaum & Scharff were not entitled to recover in this action, and telling the jury that whatever cause of action they had was the property of the Standard Marine Insurance Company of London, and in telling the jury to find against the plaintiffs, Nussbaum & Scharff. The said paragraph of the charge is erroneous for the reason that the plaintiffs, Nussbaum & Scharff, owned the cotton at the time of the fire, and, even though they may have had it insured, such fact of insurance did not deprive them of ownership or estop them from asserting a cause of action against the defendant for negligently destroying the cotton."

Appellants submit the following proposition: "The evidence showed that Nussbaum & Scharff, the plaintiffs, were the owners of the cotton at the time of its destruction by fire, and it not having been shown that they had assigned their cause of action arising out of its destruction by fire, nor parted in any way with their right to recover for its loss, the court erred in instructing a verdict against them." Appellants had a policy insuring against fire issued by the Standard Marine Insurance Company in which policy was a provision as follows: "It is understood and agreed that this insurance shall not be directly or indirectly, inure to or be for the benefit of any carrier or any fire insurance company whether by assignment or otherwise, and shall be void to the extent of any fire insurance, directly or indirectly covering the same property, whether prior or subsequent hereto in date, which would attach if this policy had not been issued. It is also understood and agreed that in case any agreement be made or executed by the assured with any carrier, by which it is stipulated that such or any carrier shall have, in case of any loss for which he may be liable, the benefit of this insurance or exemption in any manner from responsibility, grounded on the fact of this insurance, then, and in that event, the insurers shall be discharged of any liability for such loss hereunder, but this policy in these, and all cases of loss or damage, by perils insured against, shall be liable and owe actual payment for (only) what cannot be collected from the ——— carrier and ——— or bailees and ——— or fire insurers, the title of the in-

sured, to hold the sums so advanced by the insurer shall discontinue, and a portion thereof equal to the sum collected from the carrier, and ———— or bailees and ———— or fire insurers, equal to the sum short collected from the carrier and ———— or bailees and ———— or fire insurers, may be permanently retained by the assured, and applied in settlement of the actual liability of this insurance, thereby establishing (provided, always, the loss shall constitute in other respects, a claim under this insurance)." The insurance company had paid to the appellants the amount of loss, and Scharff, appellant, testified "that his firm had no interest in this lawsuit, and that they were bringing it merely because the insurance policy obliged them to do so, and that, if anything was recovered, it was to be the property of the insurance company."

[4] The payment of the loss by the insurance company to Nussbaum & Scharff did not inure to the benefit of appellee, there being no legal privity between the appellee and the insurance company. Mr. Justice Stayton in the case of Railway Co. v. Levi & Bro., 59 Tex. 674, said: "The insurer and the defendant are not joint tort-feasors or joint debtors so as to make the payment or satisfaction by the former operate to the benefit of the latter; nor is there any legal privity between the defendant and the insurer so as to give the former the right to avail itself of a payment by the latter. The policy of insurance is collateral to the remedy against the defendant, and was procured solely by the plaintiff at his expense, and to the procurement of which the defendant was in no way contributory. * * * It cannot be said that the plaintiff took out the policy in the interest or behalf of the defendant, nor is there any legal principle which seems to require that it be ultimately appropriated to the defendant's use and benefit." There was no assignment of the policy by Nussbaum & Scharff to the insurance company and the right of action to sue appellee remained in them. The insurance company having paid Nussbaum & Scharff the amount of the policy, it was by the terms of the policy their duty to collect from appellee, if liable, for the benefit of the insurance company, and under our procedure the suit was properly brought. Railway Co. v. Hall, 64 Tex. 615; Railway Co. v. Levine, 29 S. W. 514; Railway Co. v. Gentry, 69 Tex. 625, 8 S. W. 98; Smith v. Mosley, 74 Tex. 631, 12 S. W. 748.

[5] The court erred in giving the charge complained of. We do not think the court erred in refusing appellants' special charge on "discovered peril." The court's charge, to the effect that, if the company knew of the cotton's exposed condition, it was its duty to use a high degree of care to prevent the escape of sparks, was sufficient. Wolfe v. Railway Co., 144 S. W. 347.

For the error indicated, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

[6] After further consideration of this case, we have reached the conclusion we erred in ordering a reversal and remanding thereof for error in the charge, as we are now convinced that the instruction to the jury that Nussbaum & Scharff could not recover, while technically error, could not have influenced the verdict of the jury.

The suit was instituted by Nussbaum & Scharff for the benefit of the Standard Marine Insurance Company, Limited, and the testimony showed that Nussbaum & Scharff had no interest in a recovery, but that, if a recovery was had, said insurance company would receive the proceeds. The court properly and clearly instructed the jury that the railroad company was liable for the burning of the cotton, if it negligently set it on fire, and, if so, to find a verdict for said insurance company. A recovery was based on the negligence of the railroad company, if any, and it is clearly evident that the jury predicated its verdict on the insufficiency of the evidence to show negligence in the railroad. Therefore we cannot see that injury was done by giving said charge.

The motion for rehearing is granted, and the judgment affirmed.