## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WOOD. (No. 1729.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 15, 1917. Rehearing Denied March 1, 1917.)

1. RAILROADS ⬅482(2)—FIRES — ACTIONS—EVIDENCE—SUFFICIENCY.

In an action for damages for destruction by fire of defendant's sawmill plant and lumber, evidence *held* to sustain a finding that the fire which destroyed the plant escaped from one of defendant's locomotives.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1731, 1732.]

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2 RAILROADS ☞480(3) — FIRES — ACTIONS—
EVIDENCE—BURDEN OF PROOF.

In an action for damages for destruction by fire of defendant's sawmill plant and lumber, where the fire was shown to have escaped from one of defendant's locomotives, the burden was on defendant to show that its communication to plaintiff's property was not the result of lack of care on the part of its employés in charge of the locomotive.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1711.]

3. RAILROADS ☞482(4) — FIRES — ACTIONS —
EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain a finding that the fire was communicated to plaintiff's plant as a result of the failure of defendant's employés in charge of its locomotive to use ordinary care in operating it.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1735.]

4. RAILROADS ☞481(4) — FIRES — ACTIONS—
EVIDENCE—ADMISSIBILITY.

In an action for damages for destruction by fire of defendant's sawmill plant and lumber, where the evidence did not identify the locomotive, but tended to show that it was one of two owned by defendant, evidence of other fires set on defendant's right of way was admissible to rebut the testimony of defendant's master mechanic that all the locomotives used by defendant were properly constructed with proper appliances to prevent the escape of fire therefrom, and that as so equipped fire could not escape.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1721.]

5. TRIAL ☞61—DISCRETION OF COURT—RE-
CEPTION OF EVIDENCE.

It was within the discretion of the trial court to admit such testimony before the master mechanic had testified, in anticipation of such testimony to support the allegations in the answer that all of its locomotives had been properly constructed with best appliances to prevent the escape of fire therefrom.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 146, 147.]

6. RAILROADS ☞481(4) — FIRES — ACTIONS—
DISCRETION OF COURT—RECEPTION OF EVI-
DENCE.

In an action for damages for destruction by fire of defendant's sawmill plant and lumber, evidence that a day or two before the fire in question occurred a live cinder from one of defendant's locomotives then passing the mill fell on the floor thereof was admissible to prove that locomotives equipped as defendant's were did emit fire, and at times threw same as far as appellee's mill was situated from its main line track, over which its locomotives passed the night the fire occurred.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1721.]

Appeal from District Court, Upshur County; R. M. Smith, Judge.

Action by J. R. Wood against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

This appeal is from a judgment (so far as it is material to state it) in favor of appellee against appellant for $3,507.49 as the damages (and interest thereon) suffered by him because of the destruction by fire of a sawmill plant, including a planer and certain lumber owned by him. Appellee alleged that fire was communicated to his property

as the result of negligence on the part of employés of appellant in charge of one of its locomotives. The judgment in his favor was based on findings made by a jury on special issues submitted to them: (1) That the fire which destroyed his said plant escaped from one of appellant's locomotives; (2) as a result of the failure of appellant's employés in charge thereof to use ordinary care in operating it; and (3) that the value of the property so destroyed was $3,346.97.

Marsh & McIlwaine, of Tyler, E. B. Perkins, of Dallas, Dan Upthegrove, of St. Louis, Mo., and Sanders & Florence, of Gilmer, for appellant. Warren & Briggs, of Gilmer, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] The finding of the jury that appellee's property was destroyed by fire which escaped from one of appellant's locomotives is attacked as unauthorized because it appeared, it is insisted, "from the great weight and preponderance of the evidence," that the property was not so destroyed, but was destroyed by fire otherwise communicated to it. If there was any testimony whatever tending to show that the fire was communicated to appellee's property from some other source than one of appellant's locomotives, appellant has failed to point it out in its briefs, and we have been unable to find it in the record. Assuming there was no such testimony, the first, second, and third assignments should be overruled, if there was testimony the jury reasonably might have regarded as sufficient to show that the fire was set out from one of appellant's locomotives. Appellee's mill was discovered to be burning at about 2 o'clock of the morning of October 15, 1915. It was shown that appellant's locomotive No. 564 passed appellee's mill at about 12:10 o'clock of that morning, and that its locomotive No. 550 passed at about 1 o'clock of said morning. It was shown that the fire in the furnace at the mill was "flooded out with water" when appellee ceased to operate the mill about 5 o'clock of the afternoon of October 14th, and that there was no fire on the premises at 10:30 o'clock of the night the fire occurred. The witness Glenn, who passed near the mill about 45 minutes before it was discovered to be burning, testified that he looked toward the mill as he passed it, and would have seen it if fire had been burning there, but saw none. He further testified that a short time after he passed the mill he saw one of appellant's trains moving toward the mill, and that the locomotive of the train was "throwing sparks." It was shown by other testimony that both locomotive No. 564 and locomotive No. 550 were burning coal and were emitting sparks freely while moving near appellee's mill. It was further shown that all the locomotives

used by appellant were equipped with the same kind of spark arresters. And it was further shown that a day or two before the fire occurred a live cinder from one of appellant's locomotives passing the mill was thrown to the floor thereof. It seems to us the jury might reasonably have concluded from the testimony showing that locomotives Nos. 564 and 550 on the night of the fire passed within 25 or 30 feet of appellee's property, that they were emitting sparks, and that one of them, or a locomotive equipped as they were, a day or two before had thrown a live spark or cinder to the floor of the mill, and from the absence of testimony suggesting that the fire might have been communicated to appellee's property from some other source, that same was set out by either locomotive No. 564 or No. 550. Therefore we conclude that the contention made that the finding that the fire which destroyed appellee's property was set out by one of appellant's locomotives was without support in the testimony should not be sustained. It follows, the jury having found that appellant did not discharge the burden which rested upon it to show that the fire was not communicated to the property as the result of lack of care on the part of its employés in charge of the locomotive from which the fire escaped, that the judgment establishing liability on the part of appellant to appellee for damages suffered by him because of the fire was not unauthorized.

[4, 5] Appellant complains because the court, over its objection, permitted appellee to prove by his witness Barber that at 6 or 7 o'clock of the morning when appellee's property was destroyed fire was burning on appellant's right of way on both sides of its track, at a point near the Sabine river and on the south side thereof from appellee's mill, and by the witness Lowery that at about the same hour of the same morning another fire set out during the night on appellant's right of way at a point on the north side of said river about two miles from appellee's mill had spread to and was burning over the witness's pasture, which was adjacent to said right of way. The grounds of the objection to the testimony were that it was irrelevant and immaterial because it did not appear that the fires referred to by the witnesses were set out by its locomotives, and because, if it did so appear, it did not appear that the locomotives which set same out were locomotives which set out fire which destroyed appellee's mill. As supporting its contention appellant cites Nussbaum v. Railway Co., 149 S. W. 1083, and other cases like it, holding it not error, where the locomotive which set out the fire in question is identified, to exclude evidence of fires set out by other or unidentified locomotives. But we think the testimony was admissible in rebuttal of testimony like that of the witness Kilfoyle offered by appellant. Kilfoyle tes-

tified that he was appellant's master mechanic; that all the locomotives used by it were properly constructed; that all of them were equipped with proper appliances to prevent the escape of fire therefrom; and that as so equipped fire could not escape from them. The testimony objected to, showing as it did that the fires the witnesses referred to were set out on appellant's right of way the night appellee's mill was burned, tended, we think, to prove that those fires were set out by appellant's locomotives, and to rebut the testimony of Kilfoyle that locomotives equipped as those which passed appellee's mill that night were could not set out fire. The fact that it was admitted before Kilfoyle testified, and not in the order of testimony in rebuttal, is not a reason for sustaining the assignments. It was within the discretion of the trial court to admit it when he did, in anticipation of testimony like Kilfoyle's to support the allegations in appellant's answer, that all its locomotives had been properly constructed and were equipped with the best appliances for the prevention of the escape of fire therefrom. 33 Cyc. 1354, and authorities there cited; Railway Co. v. Brune, 181 S. W. 547.

[6] Appellant also complains because the court, over its objection, permitted appellee to prove by his witness Baker that a day or two before the fire in question occurred a live cinder from one of appellant's locomotives then passing the mill fell on the floor thereof. We think the testimony was admissible to prove that locomotives equipped as appellant's were did emit fire and at times threw same as far as appellee's mill was situated from its main line track, over which its locomotives passed the night in question. Railway Co. v. McIntosh, 59 Tex. Civ. App. 570, 126 S. W. 692.

Other assignments not in effect disposed of by what has been said are believed to be without merit, and are also overruled.

The judgment is affirmed.