PERKINS v. TERRELL. (No. 1539.)

(Court of Civil Appeals of Texas. Amarillo. April 30, 1919. Rehearing Denied June 4, 1919.)

1. CANCELLATION OF INSTRUMENTS ⟹35(1)—NECESSARY PARTIES.

In suit to cancel, for fraud inducing sale, deeds of plaintiff and his son-in-law to defendant, which conveyed lands owned by plaintiff and his son-in-law, all of which plaintiff was authorized by his son-in-law to contract to sell, the son-in-law was a necessary party.

2. PARTIES ⟹4—USE PLAINTIFF.

Although plaintiff's son-in-law was a necessary party to the suit, yet, in view of Rev. St. 1911, art. 1894, this requirement would be met if it were proper for plaintiff to conduct the suit for the use and benefit of his son-in-law.

3. PARTIES ⟹76(2, 5)—USE PLAINTIFF—AUTHORITY—DEMURRER—PLEA IN ABATEMENT.

Plaintiff's authority to sue for the use and benefit of another cannot be raised by general demurrer, but only by plea in abatement.

4. APPEAL AND ERROR ⟹913—USE PLAINTIFF—AUTHORITY.

Where the authority of plaintiff to sue for the use and benefit of a necessary party to the suit did not otherwise appear, it will be presumed, in support of judgment for plaintiff, that such party was personally present at the trial directing the suit so far as it affected his interests.

5. APPEAL AND ERROR ⟹1036(1)—JUDGMENT ⟹675(1)—USE PLAINTIFF—PARTICIPATION.

If a necessary party, for whose use and benefit plaintiff assumed to sue, were personally present at trial of the suit, directing the suit as far as it affected his interests, judgment therein would bind him, and there would be no reversible error in refusing to make him an actual party of record.

6. CANCELLATION OF INSTRUMENTS ⟹22—NOTICE AND DEMAND.

In suit to rescind for fraud a land sale and cancel deeds given pursuant thereto, notice and demand prior to suit is not necessary, but bringing of suit with offer to restore to defendant what plaintiff has received in the transaction is sufficient.

Error from District Court, Castro County; R. C. Joiner, Judge.

Suit by C. J. Terrell against Mrs. Nannie Perkins. Judgment for plaintiff, and defendant brings error. Affirmed.

Carl Gilliland, of Hereford, and Graves & Houtchens, of Ft. Worth, for plaintiff in error.

Kinder & Russell and Williams & Martin, all of Plainview, and Mark Cowsert, of Dimmitt, for defendant in error.

BOYCE, J. Appellee, C. J. Terrell, brought this suit for himself and for the use and benefit of W. O. Gillespie, to rescind a contract for the sale of certain real and personal property, to cancel deeds executed in pursuance to the preliminary contract of sale, and to recover the land and personal property delivered to the defendant thereunder. Judgment was rendered for the plaintiff on a trial before a jury.

The one assignment presented by appellant on this appeal asserts that the court erred in overruling the appellant's general demurrer to the plaintiff's petition, on the grounds: First, that it appears therefrom that W. O. Gillespie is a necessary party to the suit; and, second, that the petition does not allege that demand for rescission was made by the plaintiff before the institution of the suit. It will therefore be necessary to state only so much of the pleading as is necessary to a consideration of these two questions.

It is alleged in the petition that the plaintiff, C. J. Terrell, owned section 59, block 10 T, in Castro county; that his son-in-law, W. O. Gillespie, owned the S. W. ¼ of section 54, block 10 T; and that the plaintiff and the said Gillespie also owned and were in possession of certain personal property—cattle, horses, mules, farming implements, etc. The personal property is particularly described, but it does not appear whether the ownership thereof by the said plaintiff and Gillespie was joint or several. It is further alleged that the said Gillespie had authorized the plaintiff to trade and sell all of said property, and that the plaintiff entered into a contract in his own name for the sale and conveyance of said property to the defendant, in consideration of $16,000 in notes, executed by a third party and secured by vendor's lien on certain land in Webb county, Tex.; that plaintiff was induced to make said contract by fraudulent representations made by the defendant and her agents to him, concerning facts that determined the value of said notes; that said notes were as a matter of fact practically worthless, while plaintiff was induced to believe they were good; that in fulfillment of the executory contract induced by such fraud, and before discovery thereof, the plaintiff and the said W. O. Gillespie conveyed to the defendant by deed the said two tracts of land owned by them respectively; that the plaintiff transferred to the defendant title and possession of all of said real and personal property. The plaintiff tendered to the defendant the notes and other consideration received in such trade, and prayed for judgment for the title and possession of said real and personal property, for the cancellation of said deeds, etc. The petition, after stating the ownership of said one-quarter section of land to be in Gillespie, contains this clause:

"For whose use and benefit he is suing herein for such property as may have belonged to

said Gillespie and which was included in the deal and trade hereinafter mentioned."

No other statement of any authority from the said Gillespie to bring the suit is made, nor is there any statement as to why the said Gillespie did not join in the suit in his own name. The only allegation as to demand for rescission is contained in this paragraph of the petition:

"(7) That the defendant, though often requested, has failed and refused, and still fails and refuses, to deliver possession and title to the aforesaid property which he has been swindled out of."

[1, 2] Had the suit been to cancel the executory contract made in the plaintiff's name only, it would probably not have been necessary that Gillespie be a party thereto; but this contract was executed, and, while there is a general allegation that plaintiff transferred the title and possession of all of the real and personal property to the defendant, it is specifically alleged that the said Gillespie was, at the time of the making of the contract, the owner and in possession of the S. W. ¼ of said section 54, and was induced by the defendant's fraud "to convey by deed said quarter section to defendant." It appears, we think, that the purpose of the suit was to recover Gillespie's property, as well as plaintiff's, and to cancel a deed executed by Gillespie. We think, therefore, that the said Gillespie was a necessary party to the suit. Hurst v. Knight, 164 S. W. 1072; Monday v. Vance, 11 Tex. Civ. App. 374, 32 S. W. 559; C. J. vol. 9, pp. 1225-1227; Black on Cancellation & Rescission, vol. 2, § 657. But, if it were proper for the plaintiff to conduct the suit for the use and benefit of Gillespie, then the said Gillespie was a real party to the suit and this requirement would be met. McFadin v. MacGreal, 25 Tex. 79; Clark v. Hopkins, 34 Tex. 141; G. H. & S. A. Ry. Co. v. Freeman, 57 Tex. 156; Smith v. Mosley, 74 Tex. 631, 12 S. W. 748. The inquiry, then, is whether a suit of this kind could be brought at all by one party for the use and benefit of another, and how the authority for bringing such suit should be shown, and how and when such authority may be questioned by the defendant. The provisions of article 1894, R. S., assume that suits may be brought by one person for the use and benefit of another, but this article itself does not attempt to prescribe when such suits may be brought, but simply recognizes the practice and provides for procedure in such cases in certain contingencies. So that the law which will determine whether such practice is proper in any particular case is to be found elsewhere than in this provision of the statute. The most common instances of suits by one for the use of another occur in cases where the contract is in the name of one and suit is brought by him though some one else may have an interest in it, or in cases where the legal title to the cause of action is in the plaintiff though some one else may have an interest therein. C. J. vol. 1, p. 983, §§ 87, 88; Stand. Enc. Proc. vol. 20, p. 910; Mecham on Agency (2d Ed.) § 2024; G. H. & S. A. Ry. Co. v. Freeman, 57 Tex. 156; Hooper v. Hall, 30 Tex. 156.

Obviously, the concern of the defendant in any such case would be the assurance that the judgment rendered in the case would bind the party for whose use and benefit the suit was brought, and in those classes of cases we have mentioned the nominal plaintiff has such title or stands in such relation to the cause of action as that the judgment rendered therein would be res adjudicata of it. There are some authorities that hold that a plaintiff who has no interest in or title to the cause of action itself cannot maintain an action for the use and benefit of some one else. C. J. vol. 1, 983. There are also some authorities which hold that an agent, though having no title to the cause of action himself, may by express authority from the principal conduct a suit for the principal in the agent's name. Mecham on Agency, § 2023, citing Eggleston v. Colfax, 4 Mart. (La. N. S.) 481; Frazier v. Willcox, 4 Rob. (La.) 517; Varney v. Hawes, 68 Me. 442; Close v. Hodges, 44 Minn. 204, 46 N. W. 335. The prosecution of a suit of this kind, however, in which, so far as stated in the petition, it appears that the ownership of a part of the property to be affected by the suit was in the usee Gillespie alone, with no legal title or interest therein in the plaintiff, is unusual—as much so perhaps as the suits in trespass to try title being considered in the cases of Hooper v. Hall, 30 Tex. 154; Birmingham v. Griffin, 42 Tex. 148, and Smith v. Olsen, 44 S. W. 874. In this kind of case the judgment would bind the said Gillespie only in the event the suit had been conducted in such way under authority from him. The conclusion of the court as to the authority itself would not bind him unless he, in some way, participated in the proceedings or acted in connection therewith so as to be estopped. So that, ordinarily, we should say that, if the question of the plaintiff's authority to conduct the suit for the use of Gillespie were seasonably raised, the defendant would have had the right to have required that the said Gillespie be made a party in fact, so that there could be no question that the adjudication would be final as to his interests.

[3-5] But the appellant did not, so far as the record discloses, expressly suggest this question, unless it could be said to be so suggested by the general demurrer, and it has been held in a number of cases that the authority of one to sue for the use and benefit of another for whom he alleges the suit

to have been brought can only be questioned by a plea in abatement. Smith v. Mosley, 74 Tex. 631, 12 S. W. 748; Smith v. Wingate, 61 Tex. 54. No statement of facts is brought up on this appeal. So far as we are informed, the said Gillespie may have been present at the trial, personally, in charge of his interests. As we have already seen, the party for whose use the suit is brought is the real party, and in support of the judgment we may presume that he was really present, directing the suit so far as it affected his interests. Ellis v. Howard Smith Co., 35 Tex. Civ. App. 566, 80 S. W. 633. If such were the case, a judgment, under such circumstances, would bind him, and there would be no reversible error shown in refusing to make him an actual party. Bonner v. Green, 6 Tex. Civ. App. 96, 24 S. W. 835; Wickizer v. Williams, 173 S. W. 288; M., K. & T. Ry. Co. v. Hicks, 194 S. W. 1145. We hold therefore that this irregularity in the conduct of the suit in this way will not, under the circumstances, require a reversal of the case.

[6] In support of the proposition that notice and demand for rescission prior to the institution of the suit was necessary, appellant refers us to the case of Cabaness v. Holland, 19 Tex. Civ. App. 383, 47 S. W. 379, and we add the case of McIndoo v. Wood, 162 S. W. 490. While it is not expressly so held, these two cases do seem to assume that previous notice and demand is a condition precedent to the institution of the suit for rescission. Even if this case is to be ruled by these decisions, we are of the opinion that the petition on general demurrer showed a sufficient prior demand. However, in cases of this kind, we do not think that notice and demand prior to the institution of the suit is necessary. The bringing of the suit itself, with the offer to restore to the defendant what the plaintiff had received in the transaction, is sufficient to authorize a court of equity to proceed to consider the case and determine the equities of the parties. Garza v. Scott, 5 Tex. Civ. App. 289, 24 S. W. 89; Tompkins v. Johnson, 86 S. W. 953; Black on Rescission and Cancellation, §§ 625, 672, 576.

We are of the opinion that the judgment should be affirmed.

⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes