### RICHARDSON v. CORLEY.
### No. 1632.

Court of Civil Appeals of Texas. Waco.
Oct. 31, 1935.

W. H. Jack, of Corsicana, for appellant.

W. W. Harris, of Corsicana, for appellee.

GALLAGHER, Chief Justice.

This suit was brought by R. B. Richardson in the justice court against John R. Corley, conducting a burial benefit business under the name of the Navarro County Burial Association. The parties will be designated as in that court. The transcript discloses that plaintiff alleged that defendant Corley, for a valuable consideration consisting of premiums paid and to be paid by R. T. Richardson, issued to him a benefit certificate in said association; that by the terms of said certificate said association promised to pay to the estate of said Richardson the sum of $150 at his death; that said Richardson died in June, 1933; that said certificate was at the time in full force and effect; that payment of the amount promised by said certificate had been demanded and defendant had refused to pay the same. Plaintiff further alleged in that connection that he sued for the benefit of the estate of said decedent for the amount so promised on the face of said certificate. Defendant filed in said cause in said court an answer, consisting of a plea in abatement and other defenses. In said plea he assailed the right of plaintiff to recover said indebtedness alleged to be owing the estate of said decedent, on the ground that plaintiff did not allege that he was administrator of such estate; that he did not allege that no administration was pending and none necessary, nor show any right in himself to recover a claim due said estate. The so-called plea in abatement was in legal effect a demurrer to plaintiff's allegations on which his right to maintain the suit was predicated. Plaintiff, in reply thereto, alleged that said R. T. Richardson died intestate; that there was no administra-

tion on his estate and none necessary; that he was manager of such estate and had the right as such to bring and prosecute this suit.

The justice of the peace heard said plea in abatement and sustained the same. Plaintiff perfected an appeal to the county court. So far as the record discloses, neither party amended his pleadings in the county court.

The case was tried in the county court and defendant's plea in abatement was again sustained and the case dismissed. The judgment rendered contains a recital that the court heard evidence, but no statement of facts has been filed in this court.

## Opinion.

■ Plaintiff, in his first assignment of error, complains of the overruling of his exception to defendant's plea in abatement. Plaintiff filed such an exception, but the record does not show that the same was ever presented to the court and action invoked or order made thereon. Said assignment must therefore be overruled.

■■ Plaintiff, in his remaining assignments, complains of the refusal of the court to permit him to introduce in evidence at the hearing on defendant's plea in abatement the certificate upon which he sued. Said certificate is shown by plaintiff's bill of exception herein. As before recited, the so-called plea in abatement merely assailed the sufficiency of the plaintiff's allegations to entitle him to maintain the suit. It contained no independent averments of fact except that R. T. Richardson was dead and that four years had not elapsed since his death. Substantially the same facts were alleged by the plaintiff. The judgment, however, recites that the court heard evidence on such plea, but it does not necessarily follow that the exclusion of the certificate therefrom constitutes reversible error. The general rule is that the action of the trial court in admitting or excluding evidence will not be considered in the absence of a statement of facts. 3 Tex. Jur. p. 547, § 384, and authorities cited in notes thereto; Treadwell v. Borchers (Tex. Civ. App.) 289 S.

W. 75, par. 1; Renfro v. Harris (Tex. Civ. App.) 72 S. W. 237 (writ refused); Perry v. Ripley (Tex. Civ. App.) 282 S. W. 329, par. 2; Day v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 297 S. W. 501, 502, pars. 1 and 2; Central Surety & Ins. Corporation v. French (Tex. Civ. App.) 72 S.W. (2d) 699, 700, par. 4; Williams v. Brice (Tex. Civ. App.) 108 S. W. 183 (writ refused). Should it be held that the exclusion of said certificate in this case constituted an exception to such general rule, the question of injury to plaintiff as the result of such exclusion nevertheless remains for consideration. Plaintiff's only contention in this connection is that since said certificate provided that the benefits promised therein should be paid "to the party or parties having charge of the body" of the deceased certificate holder, its introduction would have shown his right to recover. Regardless of what this rather indefinite provision was intended to cover, plaintiff had alleged that such payment was not made, that the right to collect the same was vested in the estate of the deceased, and that he was seeking judgment therefor for its benefit. He did allege that there was no administration on the estate of the deceased and that none was necessary, but he did not allege in whom the estate of the deceased was vested by inheritance, nor that any interest whatever therein was vested in him. His allegation that he was manager of said estate was not sufficient in itself to show a right in him to recover for its benefit when such right was challenged by a proper exception or plea in abatement. 1 Tex. Jur. p. 132, § 96; Smith v. Mosley, 74 Tex. 631, 12 S. W. 748, par. 3; Fant v. Farrier Bros. (Tex. Civ. App.) 253 S. W. 955, par. 1; Galveston, H. & S. A. R. Co. v. Mallott (Tex. Civ. App.) 6 S.W.(2d) 432, 436 (top 1st column). See, also, Smith v. Peeler (Tex. Com. App.) 29 S.W.(2d) 975, 977, par. 2, and authorities there cited.

The judgment of the trial court is affirmed, without prejudice to the rights of the owners of said claim, including plaintiff, if he be one, to join in a suit to recover on said certificate.