Kathryn DOWNS et vir, Appellants,

v.

CITY OF ABILENE et al., Appellees.

No. 16602.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 22, 1965.

Rehearing Denied Feb. 19, 1965.

Schulz & Hanna, Yates & Yates and Edmund C. Yates, Abilene, for appellant.

Les Cochran, Abilene, for appellee.

PER CURIAM.

This case is companion to City of Abilene, Texas v. John F. Downs et al., Cause No. 16574, affirmed by this Court on January 15, 1965. In that case the court by its judgment condemned the fee simple title to land involved herein, vested title in the City of Abilene and awarded $77,325.00 to Downs as the value thereof. The City paid this amount into the registry of the Court on December 13, 1963. On January 3, 1964, the money was withdrawn by John F. Downs, record owner of such land. He did not appeal and has since had the use of the money.

On June 26, 1964, months after her husband John F. Downs had withdrawn the money from the registry of the Court, Kathryn Downs filed this suit in the 90th District Court of Shackelford County, Texas. By such suit she sought an immediate order restraining service of the writ of possession issued out of the companion case, a temporary injunction and a determination by the court of the boundaries of a 200 acre homestead out of the 400 acres her husband had received payment for, and issuance of a permanent injunction to protect against interference of her rights therein.

The trial judge granted the temporary restraining order and later amended same, making it returnable to the 90th District Court of Young County, where the companion case was tried. He later denied the temporary injunction.

Appellant appeals from the court's order denying the temporary injunction and its action in amending the restraining order.

The appellee, City of Abilene, has presented a motion to dismiss the appeal, which we think should be sustained.

Kathryn Downs concluded she is entitled to file her suit because she was not made a party nor served with process in the condemnation suit and thus the judgment affecting her homestead rights is void as to her. We can find no basis or authority for such action and certainly no basis for an appeal from a suit she was without authority to file.

Kathryn Downs and her husband were married and residing together as man and wife at all times pertinent to this and the companion suit. The property involved is community.

During marriage the right to sue with reference to community property is vested in the husband and must ordinarily be asserted by him alone unless special circumstances, such as his abandonment or desertion of the wife is shown to exist. The court may in such circumstances authorize the wife to sue for the protection of the community property. No such special circumstances existed in this case and no au-

thority was given Mrs. Downs by the Court. 30 Tex.Jur.2d, p. 256, § 163, and authorities cited.

"As a general rule the wife is not a necessary party to a suit involving the homestead property unless, by reason of her homestead rights, she has a defense capable of defeating the suit. In determining whether the wife's homestead interest renders her a necessary party to an action affecting property impressed with the homestead exemption, the test is whether the plea of homestead would in itself be a defense to the suit." 28 Tex.Jur.2d, pp. 472–473, § 81.

■ A plea of homestead on behalf of Mrs. Downs or her husband would not have constituted a defense to the City's suit in condemnation.

· In the suit filed by her husband on behalf of the community, Kathryn Downs was personally present at the trial. She was called as a witness on three or more occasions. She did everything within her power to assist in the trial in so far as her interests were affected.

The court in Mims v. Hearon, 248 S.W.2d 754, 757 (Dallas Civ.App., 1952, no writ hist.), approved the holding in Perkins v. Terrell, 214 S.W. 551, syl. 5 (Amarillo Civ. App., 1919, writ ref.), which held: " 'If a necessary party, for whose use and benefit plaintiff assumed to sue, were personally present at trial of the suit, directing the suit as far as it affected his interests, judgment therein would bind him, * * *.' " See also 44 Tex.Jur.2d, pp. 229–231, § 81.

While we deem it unnecessary to discuss the question, we find that the premise upon which the appeal is based is now moot.

In view of the authorities cited and for the reasons stated, we are of the opinion that the appeal herein should be and the same is hereby dismissed. All costs are to to be paid by the appellants.